Mr. Charles F. Dearman, Sr., Chairman State Board of Embalmers and Funeral Directors P.O. Box 506, Highway 81 North Monticello, Arkansas 71655
Dear Mr. Dearman:
This is in response to your request for an opinion on the legality of a recent appointment to the Board of Embalmers and Funeral Directors. Specifically, you note that a recent appointee to the "consumer position" on the Board holds both an embalmer's and a funeral director's license and is the manager of a Hot Springs funeral home. You note that Act 113 of 1977 and the Funeral Directors' law (A.C.A. 17-26-201), appear to require that the person appointed to the consumer position not be actively engaged in or retired from the funeral profession. Your two questions are whether the appointment is legal and what action, if any, the board is required to take in this situation.
It is my opinion that the appointment does not comply with law. The board itself, however, is not required to take any action to remedy the situation. The appointee may resign, upon learning of his ineligibility, clearing the way for a new gubernatorial appointment which does comply with law, or if he does not resign, the Attorney General is charged with the duty of bringing an ouster action under the "usurpation" statute to invalidate the appointment.
The general statute governing the composition of the State Board of Embalmers and Funeral Directors is A.C.A. 17-26-201
(1987). It provides in pertinent part as follows:
 (b) The board shall consist of seven (7) members, appointed by the Governor, with the advice and consent of the Senate, for a term of three (3) years.
(1) Six (6) members, at least one (1) of whom shall be from each of the four (4) congressional districts as defined on January 1, 1983, shall be appointed as follows:
 (A) Five (5) members of the board shall be embalmers and funeral directors licensed under subchapter 3 of this chapter who shall have had at least five (5) consecutive years of active experience as an embalmer or funeral director in Arkansas immediately preceding appointment. . . .
 (B) One (1) member of the board shall be designated as a consumer representative.
 (2) One member of the board shall not be actively engaged in or retired from the profession of the embalming and funeral directing, shall be sixty (60) years of age or older, and shall represent the elderly. . . . The position may not be held by the person holding the consumer representative position. . . . (Emphasis added.)
The statute above does not expressly state that the "consumer representative" may not be actively engaged in or retired from the funeral profession. When the legislative history of A.C.A.17-26-201 is analyzed, however, it is clear that the "consumer representative" is prohibited from being either actively engaged in, or retired from the embalming or funeral directing profession.
The relevant statute arises, for the most part, from Act 325 of 1983, which was entitled in part: "AN ACT TO CREATE THE STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS. . . ." This act specifically repealed Act 285 of 1981, which was the prior act creating the board. Act 325 of 1983 contained the one sentence appearing in the statute designating one member to be the "consumer representative." The statute also includes language from Acts 131 and 135 of 1983, each of which provided for the "elderly representative" on the board. This requirement was not contained in Act 325 of 1983. There appears to be another act, however, which impacts the composition of the State Board of Embalmers and Funeral Directors, which is not codified in the relevant code provision. Act 113 of 1977 was enacted to create a new position on a number of state boards and commissions. The title of this act is as follows:
 AN ACT to Provide for an Additional Member on Each State Board and Commission Which is Presently Made up Solely of Persons Actively Engaged in the Occupation or Profession to be Regulated; to Provide that such Additional Member shall not be a Member of the Occupation or Profession to be Regualted [sic] and Shall Represent the Interest of the Consumer Whenever Possible; and for Other Purposes.
At the time of the passage of Act 113 of 1977, the State Board of Embalmers and Funeral Directors consisted solely of licensed embalmers and funeral directors. See Act 412 of 1957, codified at former Ark. Stat. Ann. 71-901 (Repl. 1979). It is thus a state board to which Act 113 of 1977 is applicable. Additionally, Act 325 of 1983 does not contain a general repealer clause, and therefore would in no way repeal the earlier act's requirement that the consumer representative not be engaged in or retired from the profession. Although Act 285 of 1981 did contain a general repealer, it also provided for a "public service representative" who was not a "funeral service licensee," and thus would not have been inconsistent with Act 113 of 1977 on this point for purposes of an implied repeal.
In short, the relevant statute, A.C.A. 17-26-201, has been codified without the language from Act 113 of 1977 which states that the consumer representative shall not be engaged in or retired from the funeral services profession. The "History" of the statute reflected directly below the statute in the Code does not reflect this act's impact on the statute. The Arkansas Code addresses such situations as follows:
 (a) All acts, codes, and statutes, and all parts of them and all amendments to them of a general and permanent nature in effect on December 31, 1987, are repealed unless:
 (1) Expressly continued by specific provision of this Code;
 (2) Omitted improperly or erroneously as a consequence of compilation, revision, or both, of the laws enacted prior to this Code, including without limitation any omission that may have occurred during the compilation, revision, or both, of the laws comprising this Code; or
(3) Omitted, changed, or modified by the Arkansas Code Revision Commission, or its predecessors, in a manner not authorized by the laws or the constitutions of Arkansas in effect at the time of the omission, change, or modification. . . .
 (b) In the event one of the above exceptions should be applicable, the law as it existed on December 31, 1987, shall continue to be valid, effective, and controlling.
It is my opinion that the omission of the Act 113 of 1977 "consumer position" requirements from A.C.A. 17-26-201 falls within the exceptions listed above, and they are therefore still controlling as to the appointment of the "consumer representative" of the board. This representative may not, therefore, be engaged in or retired from the funeral services profession.
Your remaining question is what action the Board is required to take in this situation. As a legal matter, no statute requires the Board to take any action. As a practical matter, however, the ineligible Board member could resign his position to make way for a valid appointment by the Governor. If this does not occur, it is the duty of the Attorney General, with regard to such state wide offices, to bring a so-called "usurpation" action under A.C.A. 16-118-105 (1987) to have the ineligible office-holder removed from office.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh